# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2099 | **DATE** | 8/16/2001 |
| **CASE TITLE** | Gerald Morris, etc. vs. Albertson, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Jewel's 12(b)(6) motion to dismiss is granted. With Morris' failure-to-rehire claim as well as his putative class claims having been dismissed, this action is not limited to his individual claim of discriminatory termination as stated in Charge No. 210990467. Because so much of the SAC is now surplusage, and because some paragraphs of the now-dismissed claims are no doubt relevant to the surviving claim, Morris' counsel is ordered to prepare a self-contained Third Amended Complaint at the time he as scheduled his motion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | AUG 17 2001 | 17 |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 8/16/2001 | |
| | Copy to judge/magistrate judge. | 01 AUG 16 PM 3:47 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD MORRIS, etc.,  )
                     )
         Plaintiff,  )
                     )
    v.               ) No. 01 C 2099
                     )
ALBERTSON, INC., et al., )
                     )
         Defendants. )

DOCKETED
AUG 1 7 2001

MEMORANDUM OPINION AND ORDER

Gerald Morris ("Morris") and Nina Moore ("Moore") have sued Albertson, Inc. and Jewel Food Stores, Inc. (collectively "Jewel," treated as a singular noun for convenience) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e to 2000e-17 ("Title VII"), each of them charging Jewel with racial discrimination (both Morris and Moore are African-American).[1] Jewel has filed a Rule 12(b)(6) motion to dismiss part of Morris' claims--his allegation of Jewel's race-discriminatory failure to rehire him--on the ground that Morris has failed to exhaust his

---

[1] Each of Morris and Moore initially sought to bring both individual and class claims. This Court's July 23, 2001 oral ruling granted Jewel's motion to dismiss Moore from Counts I and II of the Second Amended Complaint ("SAC") on the ground that her EEOC charges-even when read expansively according to the teaching of Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.1976)(en banc)--did not contain class-wide allegations (see Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127-28 (7th Cir. 1989)). For the same reason, Morris cannot act on behalf of a class. Hence SAC Counts I and II are dismissed in their entirety, without any need for notice to putative class members under Fed. R. Civ. P. ("Rule") 23(e).

17

administrative remedies as to that charge.[2] For the reasons stated in this memorandum opinion and order, Jewel's motion is granted.

## Rule 12(b)(6) Standard

For present purposes this Court accepts the SAC's well-pleaded factual allegations as true and draws all reasonable inferences in Morris' favor (Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir.1994)). And under Rule 12(b)(6) no claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" (Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Because for Rule 12(b)(6) purposes this opinion must credit Morris' allegations as true, what follows in the Background section is drawn primarily from the SAC and its exhibits. This opinion also cites to exhibits attached to Morris' responsive memorandum as "M. Ex.--," even though Jewel contends that those submissions are improper. Because most of those are documents

---

[2] Jewel initially sought to dismiss SAC Count V as well because Morris had not yet received a Notice of Right to Sue from Equal Employment Opportunity Commission ("EEOC") on Charge No. 210990467, which was the basis for the Count V claim. On July 23, 2001 EEOC issued a right-to-sue letter on that charge, and Jewel concedes that such issuance moots its motion to dismiss Count V (J. R. Mem. 2). Moore's counsel has now noticed up a motion to supplement the SAC to incorporate the new right-to-sue letter.

2

filed with or by the Illinois Department of Human Rights ("IDHR") or EEOC, this Court takes judicial notice of them. And for the reasons given below, those documents do not call for a different result in any event.

## Background

Morris has filed two charges of discrimination with IDHR and, by operation of a workshare agreement,[3] with EEOC. Charge No. 210990467, filed on November 9, 1998, asserts that Morris was "subjected to different terms and conditions of employment" and was ultimately discharged on the basis of his race (SAC Ex. 1). Charge No. 21B991818, filed on April 20, 1999 and then amended on July 15 and August 3 of the same year, asserts that race discrimination was at work in Jewel's refusal to rehire Morris on January 25, 1999 (SAC Ex. 2).

As to Charge No. 21B991818, EEOC responded to Morris' request by issuing a right-to-sue letter on February 28, 2001 (SAC Ex. 5). EEOC's notice reflects (through a check in the appropriate box) that its file on that charge was closed due to Morris' failure to cooperate (id.).

In that regard, IDHR's October 12, 1999 Notice of Dismissal for Failure To Proceed says that Morris twice agreed to attend a factfinding conference scheduled for 9:00 a.m. on September 16,

---

[3] For a description of the IDHR-EEOC workshare agreement, see Sofferin v. American Airlines, Inc., 923 F.2d 552, 554 (7th Cir. 1991).

1999 but then failed to attend the conference (M. Ex. 1). On September 16 IDHR mailed Morris a letter asking that he supply a reason for his nonattendance and telling him that his charge would be dismissed if he did not respond by October 16, 1999 (id.). That mailing also included an EEOC letter advising Morris to cooperate within 30 days, failing which his federal charge could be dismissed (id.). On September 29, 1999 Morris left a message with IDHR's staff stating that he got confused about the date of the factfinding conference (id.).

After receiving the Notice of Dismissal, on October 26, 1999 Morris filed a request for review with IDHR's Chief Legal Counsel (M. Ex. 2). In support of that request Morris stated that "I simply got the dates mixed up" (id.). He went on to say that on October 19 he had spoken with an IDHR investigator and told him that the papers he received had someone else's name on them (id.).[4] As a result the investigator re-sent the papers, and

---

[4] It isn't entirely clear just which papers received by Morris had a different claimant's name on them. Morris has submitted an October 19, 1999 fax from IDHR employee Gloria Polk to Jewel representative Anthony Bowden that has as its subject "1999CF2375-Gerald Morris" and that states (M. Ex. 4):

> Due to an administrative error, you were mailed the wrong notice of dismissal. Here is the correct copy. If you need to speak to me, I can be reached at 312-814-6363. Sorry for any inconvenience this may have caused you.

Morris' memorandum contends that the papers IDHR sent Morris about the factfinding conference were addressed to a different complainant and that the papers IDHR sent Jewel regarding the

4

Morris received them on October 21 (id.). On April 24, 2000 IDHR's Chief Legal Counsel issued an order denying Morris' appeal and sustaining IDHR's dismissal for failure to proceed (M. Ex. 3). Morris then requested and was given a right-to-sue letter from EEOC.

## Failure To Exhaust Remedies

Zugay v. Progressive Care, S.C., 180 F.3d 901, 902 (7th Cir. 1999)(internal citations omitted) sets forth the well-settled prerequisites to filing a Title VII lawsuit:

> It is well-established that before filing a lawsuit under Title VII, a plaintiff must (1) timely file a charge with the EEOC, and (2) receive a right to sue letter from the EEOC. The plaintiff then has 90 days from receipt of the right to sue letter to bring suit in federal court. In addition, in a state like Illinois, which provides an administrative remedy for employment discrimination, a plaintiff must give the state agency an opportunity to conciliate the employment dispute before pursuing federal remedies.

And Gibson v. West, 201 F.3d 990, 994 (7th Cir. 2000) teaches that "the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." Thus the components of the exhaustion requirement are subject to equitable defenses (id.).

---

dismissal also referred to a different complainant. Given the dates mentioned in Morris' request for review, however, it seems more plausible that IDHR sent both Morris and Jewel the wrong dismissal papers and that it is those papers, not the papers regarding the factfinding conference, to which Morris now refers. But that issue makes no difference in any event.

5

Jewel argues that Morris failed to exhaust the claims based on Charge No. 21B991818 because he failed to cooperate with the IDHR investigation. That failure in turn led to EEOC's dismissal of that charge for failure to cooperate.

Numerous district court decisions (many unreported) have ruled that a failure to cooperate with EEOC constitutes a fatal failure to exhaust administrative remedies (see, e.g., Dates v. Phelps Dodge Magnet Wire Co., 604 F.Supp. 22, 27 (N.D. Ind. 1985), Haydt v. Loikits, No. CIV. A. 99-4342, 2000 WL 1848598 (E.D. Pa. Dec. 19). All of those decisions have rejected the notion that EEOC's pro forma issuance of a right-to-sue letter when it terminates its processing because of such a failure to cooperate constitutes a ticket of entry to the federal court.[5] Haydt, 2000 WL 1848598, at *2 (internal quotation marks and citation omitted) summarizes the rationale:

> Plaintiff's failure to cooperate with the EEOC rendered the Commission unable to investigate effectively her charge and carry out its congressional mandate. To allow plaintiffs to bring their Title VII claims in federal court under such circumstances would be to allow them to emasculate Congressional intent by short circuiting the twin objectives of investigation and conciliation.

Morris really does not quarrel with that persuasive

---

[5] Two of this Court's colleagues, though dealing with very different factual circumstances that called for different outcomes, have also expressly approved that principle: Prior v. United States Cellular Corp., 46 F.Supp.2d 808, 810 (N.D. Ill. 1999); Burton v. Great Western Steel Co., 833 F.Supp. 1266, 1273 (N.D. Ill. 1993).

reasoning, arguing instead that it does not apply because he cooperated with IDHR for the requisite 60 days and, indeed, he never stopped cooperating with it (M. Mem. 5). To that end he seeks to rely on Zugay, where the plaintiff voluntarily withdrew her IDHR charge after it had been pending for 77 days but less than one month before a scheduled factfinding conference and before receiving her right-to-sue letter from EEOC. Zugay, 180 F.3d at 902-03 held that plaintiff had exhausted her state administrative remedies because she had cooperated with IDHR for longer than the 60 day deferral period, giving the agency the opportunity to reach the merits of her claim.

Morris urges that his situation is comparable because he too cooperated with IDHR well in excess of 60 days (149 days elapsed between the filing of Morris' charge and the scheduled factfinding conference). But there is an obviously material difference: Zugay did not involve an express finding of a failure to cooperate on the employee's part, triggering a dismissal of the employee's charge.

Here IDHR was conducting its investigation on behalf of both itself and EEOC pursuant to the workshare agreement (see 42 U.S.C. §2000e-8(c) and 29 C.F.R. §1601.77)). So when Morris failed to cooperate with IDHR's investigation, he also effectively denied EEOC the ability to investigate and conciliate his charge.

To be sure, this Court noted two years ago in <u>Keogh v. Heineken U.S.A., Inc.</u>, No. 99 C 4019, 1999 WL 639171 (N.D. Ill. Aug. 16)--and it remains true today--that in this Circuit a claimant need not wait 180 days before requesting an EEOC right-to-sue letter. Indeed, writing for a Tenth Circuit panel earlier this year in <u>Walker v. United Parcel Serv., Inc.</u>, 240 F.3d 1268, 1274-77 (10th Cir. 2001), this Court has expressed its own lack of agreement with the contrary view expressed in <u>Martini v. Federal Nat'l Mortgage Ass'n</u>, 178 F.3d 1336, 1340-48 (D.C. Cir. 1999). But where as here a claimant chooses to pursue the administrative process but then affirmatively frustrates the agency's efforts to investigate the charge, thus triggering a dismissal of the charge for failure to cooperate, sound policy calls for the denial of the claimant's later effort to file suit in federal court: Allowing such an action to proceed (1) would thwart Title VII's purpose of encouraging informal conciliation and relatedly (2) would reward claimants who first invoke and then waste EEOC's limited resources. This Court therefore finds that Moore's failure to exhaust his administrative remedies calls for the judicial rejection of his claim.

As a fallback position in that regard, Morris also argues that his appeal of IDHR's October 12, 2000 dismissal of his charge evidenced his willingness to continue to cooperate with the IDHR investigation. In effect Morris wants this Court to

8

review and reverse the IDHR and EEOC determinations that he failed to cooperate. In that respect IDHR's Chief Legal Counsel found that Morris' claim of mistake as to the date of the factfinding conference (after he had twice confirmed that he would attend) did not excuse his failure to attend and amounted to a failure to proceed. And pursuant to the workshare agreement, EEOC adopted IDHR's determination that Morris failed to cooperate.

Again Morris had open to him, but he failed to pursue, further avenues for relief from those determinations.[6] This Court declines his invitation to engage in a type of collateral attack on those decisions. In sum, Morris' failure-to-rehire claim is dismissed because of his failure to exhaust his administrative remedies as to that claim.

## Conclusion

With Morris' failure-to-rehire claim as well as his putative class claims having been dismissed, this action is now limited to his individual claim of discriminatory termination as stated in Charge No. 210990467. Because so much of the SAC is now surplusage, and because some paragraphs of the now-dismissed

---

[6] Thus M. Ex. 3 ¶12 (part of the ruling by IDHR's Chief Legal Counsel rejecting Morris' administrative appeal of the dismissal of his charge) expressly notified him of his right to seek state court review of that ruling. And 29 C.F.R. §1601.76 gives a claimant the right to seek EEOC review of the propriety of a state agency's dismissal before EEOC follows suit. Morris took neither of those steps.

9

claims are no doubt relevant to the surviving claim, Morris'
counsel is ordered to prepare and tender a self-contained Third
Amended Complaint at the time that he has scheduled for
presentment of his motion referred to in n.2.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:   August 16, 2001